NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000547
30-APR-2019
08:09 AM**

NO. CAAP-18-0000547

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JACOB PAUL DECLOUET, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-17-04047)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Jacob Paul DeClouet (**DeClouet**)
appeals from a Notice of Entry of Judgment and/or Order and
Plea/Judgment, entered on June 13, 2018, by the District Court of
the First Circuit, Honolulu Division (**district court**).[1]  The
district court convicted DeClouet of one count of Operating a
Vehicle Under the Influence of an Intoxicant, in violation of
Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).[2]

---

[1]  The Honorable Sherri-Ann L. Iha presided at trial.  The Honorable William M. Domingo entered the Judgment.

[2]  HRS § 291E-61(a)(1) (Supp. 2018) provides:

    (a) A person commits the offense of operating a
vehicle under the influence of an intoxicant if the person
operates or assumes actual physical control of a vehicle:
        (1)    While under the influence of alcohol in an
               amount sufficient to impair the person's normal
               mental faculties or ability to care for the
               person and guard against casualty[.]

On appeal, DeClouet argues the district court wrongly convicted him based on (1) a clearly erroneous finding that his performance on the Standardized Field Sobriety Test (**SFST**) showed he was intoxicated, and (2) insufficient evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve DeClouet's points of error as follows and affirm.

**(1) The district court did not err in determining that evidence of DeClouet's SFST performance supported the conviction.**

In its ruling, the district court stated, *inter alia*, that it found Officer Richard Townsend (**Officer Townsend**) "credible in his testimony that there was a strong odor of alcohol as well as the performance on the field sobriety test." DeClouet argues that because the district court also found credible his testimony that he thought Officer Jared Spiker (**Officer Spiker**) had earlier demanded money from him,[3] and given DeClouet's testimony that he was nervous and having a hard time concentrating, his performance on the SFST was not necessarily attributable to intoxication and the district court erred in relying on his SFST performance. We disagree.

At trial, Officer Townsend testified that he administered the SFST to DeClouet. While the officer gave DeClouet the Horizontal Gaze Nystagmus (**HGN**) test instructions, DeClouet swayed about an inch from side to side.

While Officer Townsend was demonstrating how to perform the Walk-and-Turn test, DeClouet was unable to keep his balance. Contrary to Officer Townsend's instructions, which DeClouet said he understood, DeClouet began the test before the officer told him to do so and with the wrong foot; on the first nine steps, DeClouet stepped off the line several times, once lost his

---

[3] DeClouet testified that Officer Spiker had demanded $500 from him. In addressing this testimony, the district court stated "[t]he Court does not feel that Officer Spiker is shaking anybody down[,]" but also stated that "the defendant did believe those things and did interpret it that way."

2

balance and had to stop for two or three seconds to steady himself, did not count his steps; and after the first nine steps, DeClouet turned right instead of left and turned by shuffling both feet.

On the second set of nine steps on the Walk-and-Turn test, contrary to Officer Townsend's instructions, DeClouet stepped off-line several times and twice lost his balance and had to take two or three seconds to steady himself.

On the One-Leg Stand test, contrary to Officer Townsend's instructions, DeClouet started the test before Officer Townsend told him to do so, and put his foot down five times, swayed while leaning to the right, and hopped on his planted foot.

In light of the evidence indicating that DeClouet had consumed alcohol and the evidence of DeClouet's driving behavior, discussed *infra*, it was within the district court's discretion to assess the evidence and to determine that DeClouet's actions during the SFST were also evidence of intoxication supporting conviction. See State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996) ("An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." (Citations omitted)); State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014), *as corrected* (Jan. 20, 2015) ("[A]ppellate courts will give due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced." (citation omitted)).

### (2) There is sufficient evidence to support the conviction.

Viewing the evidence in the light most favorable to the prosecution and deferring to the district court's right to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced, as we must, we hold that the evidence was sufficient to support DeClouet's conviction.

See Kam, 134 Hawai'i at 287, 339 P.3d at 1088; see, e.g., State v. Vliet, 91 Hawai'i 288, 293, 983 P.2d 189, 194 (1999); State v. Nishi, 9 Haw. App. 516, 524-25, 852 P.2d 476, 481 (1993); State v. Boyd, No. CAAP-15-0000528, 2016 WL 3369242, at *2 (Hawai'i App. June 15, 2016) (SDO); State v. Kahana, No. CAAP-17-0000359, 2018 WL 2316511, at *2 (Hawai'i App. May 22, 2018) (SDO).

In addition to Officer Townsend's testimony regarding DeClouet's SFST performance, the following evidence was adduced.

Officer Spiker testified that on October 24, 2017, at about 2:40 a.m., he was stopped at a red light when he noticed a vehicle make an illegal left turn onto Pi'ikoi Street. While following the vehicle, the officer saw its driver's-side tires drift about a foot over the skip-dash white lane markings, three to four times.

Officer Spiker initiated a traffic stop by flashing his blue strobe lights. However, the vehicle continued driving about a block, passing safe places to stop. The vehicle then turned onto a street and parked on a driveway in such a way as to completely block the road and driveway.

Officer Spiker approached the vehicle and saw a man (later identified as DeClouet) behind the wheel. While speaking with DeClouet, the officer detected a strong odor of an alcoholic-type beverage coming from DeClouet's breath and saw DeClouet's eyes were red, bloodshot, and watery. DeClouet told Officer Spiker, "I'm 28 years old; I know better than to drink and drive." However, according to his birth date, he was 32 years old.

Officer Townsend testified that when he arrived on the scene, he noticed from three to four feet away that DeClouet's eyes were red and watery, his face was bright red, and he emitted a strong odor of an alcoholic-type beverage. While conducting the HGN test, the officer noted DeClouet still exhibited these indicia of intoxication.

Officer Townsend noticed DeClouet's speech was slurred.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June

4

13, 2018, by the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2019.

On the briefs:

Sarah M. Nishioka,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge